IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CANATELO, LLC** § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| **HONEYWELL INTERNATIONAL INC.** § | |
| § | |
| Defendant. § | |

### Complaint for Infringement of Patent

TO THE HONORABLE COURT:

COMES NOW, Canatelo, LLC ("Canatelo"), by and through its undersigned counsel, for its Complaint against Honeywell International Inc. ("Honeywell" or "Defendant"), respectfully alleges, states, and prays as follows:

### Nature of the Action

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendant from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Canatelo, from U.S. Patent No. 7,310,111 (the "'111 Patent") and U.S. Patent No. 6,476,858 (the "'858 Patent") (attached hereto as Exhibits A and B respectively) (collectively, the "Asserted Patents"), pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

### The Parties

2. Plaintiff Canatelo LLC is a Puerto Rico limited liability company with its principal place of business at Martinal Plaza, Aldea St. 1414, Suite 402, San Juan, Puerto

Rico 00907.

3. On information and belief, Defendant is a Delaware corporation with its principal place of business at 101 Columbia Rd., Morristown, NJ 07962. Upon information and belief, Defendant may be served with process at The Prentice Hall Corporation Systems, Inc. BBVA Tower 8th Floor, 254 Munoz Rivera Ave., San Juan, PR 00918.

4. Defendant is in the business of making, using, selling, offering for sale and/or importing video monitoring and security systems.

## Jurisdiction And Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to Canatelo and the cause of action Canatelo has raised, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Puerto Rico Long-Arm Statute, P.R. Laws Ann. Tit 32 App. V, R. 3.1(a)(2), due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Puerto Rico.

8. Defendant has conducted and does conduct business within Puerto Rico, directly or through intermediaries, resellers, agents, or offers for sale, sells, and/or advertises products in Puerto Rico that infringe the Asserted Patents (as defined below).

9. In addition to Defendant continuously and systematically conducting business in Puerto Rico, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in Puerto Rico, including Defendant's making, using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of the Asserted Patents.

10. Venue lies in this District under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District.  For example, Defendant has used, sold, offered for sale, and/or imported infringing products in this District.

**Factual Allegations**

*The '111 Patent*

11. On December 18, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '111 Patent, entitled "Video monitoring and security system" after a full and fair examination.

12. The '111 Patent contains four independent claims and nine dependent claims.

13. Canatelo is presently the owner of the '111 Patent and possesses all right, title and interest in and to the '111 Patent.

14. Canatelo owns all rights of recovery under the '111 Patent, including the exclusive right to recover for past infringement.

15. The '111 Patent describes, *inter alia*, a computer especially suitable for use as a video-based security system comprising: a plurality of video inputs each configured to receive an electronic video signal from a video camera; at least one processor

operationally coupled with the plurality of video inputs and configurable to operate on a digital representation of the electronic video signals from the plurality of video inputs; and a network connection to the Internet operationally coupled with the at least one processor, wherein when the computer detects motion in the electronic video signals, the computer generates a compressed representation that includes the motion, and wherein the computer automatically transmits the compressed representation through the network connection as part of an e-mail message only after detecting the motion, and wherein the computer transmits a separate alarm message approximately simultaneous to the transmission of the e-mail.

16. Pursuant to 35 U.S.C. § 282, the '111 Patent is presumed valid and enforceable. Defendant commercializes, *inter alia*, devices which include all of the elements recited in one or more claims of the '111 Patent.

### *The '858 Patent*

17. On November 11, 2002, the USPTO duly and legally issued the '858 Patent, entitled "Video Monitoring and Security System" after a full and fair examination.

18. The '858 Patent contains three independent claims and thirty-four dependent claims.

19. Canatelo is presently the owner of the '858 Patent and possesses all right, title and interest in and to the '858 Patent.

20. Canatelo owns all rights of recovery under the '858 Patent, including the exclusive right to recover for past infringement.

21. The '858 Patent describes, *inter alia*, a video monitoring system especially suitable to monitor the security of a facility against an intrusion, comprising: at least one

video camera that generates a video signal; a computer operationally coupled with the at least one video camera and configured to receive the video signal, wherein the video signal includes a plurality of frames each having a plurality of cells, and wherein the computer is configured to perform the following functions: detect motion as between a first and a second frame of the video signal by comparing a plurality of the cells of the first frame to a plurality of the cells of the second frame, wherein the plurality of cells of the first and second frames exclude a user-defined insensitive area, which is completely surrounded by an active area containing the plurality of the cells of the first and second frames; automatically transmit an electronic message upon detection of the motion wherein the electronic message includes a recorded and compressed copy of the video signal beginning approximately coincident with the detection of motion; and automatically transmit an alarm message separate from the electronic message that alerts a user of the electronic message.

22. Pursuant to 35 U.S.C. § 282, the '858 Patent is presumed valid and enforceable. Defendant commercializes, *inter alia*, devices which include all of the elements recited in one or more claims of the '858 Patent.

### Description Of The Accused Instrumentalities

23. Based on publicly available information, Defendant's infringing products, including but not limited to the "Performance Series HQA DVRs," include a plurality of video inputs configured to receive an electronic video signal from a video camera; at least one processor; a network connection to the Internet, wherein when the computer detects motion in the electronic video signals, the computer generates a compressed representation

that includes the motion, and wherein the computer automatically transmits the compressed representation through the network connection as part of an e-mail message only after detecting the motion, and wherein the computer transmits a separate alarm message approximately simultaneous to the transmission of the e-mail (hereinafter, "Infringing Products").

24. Furthermore, based on publicly available information, Defendant sells video cameras, including but not limited to models "HD29HD1," "HD30HD1," "HB74HD1," "HD73HD1," "HB75HD1," "HD30HD2," "HB74HD2," "HD73HD2," "HB75HD2" (collectively "Video Cameras"), that when used in combination with the Infringing Products comprise a video monitoring system that includes at least one video camera that generates a video signal; a computer coupled with the at least one video camera and configured to receive the video signal, wherein the video signal includes a plurality of frames each having a plurality of cells, and wherein the computer is configured to perform the following functions: detect motion as between a first and a second frame of the video signal by comparing a plurality of the cells of the first frame to a plurality of the cells of the second frame, wherein the plurality of cells of the first and second frames exclude a user-defined insensitive area, which is completely surrounded by an active area containing the plurality of the cells of the first and second frames; automatically transmit an electronic message upon detection of the motion wherein the electronic message includes a recorded and compressed copy of the video signal beginning approximately coincident with the detection of motion; and automatically transmit an alarm message separate from the electronic message that alerts a user of the electronic message.

25. Defendant's Infringing Products contain the components described in

paragraph 23 and when used with Defendant's Video Cameras contain the components described in paragraph 24.

### Count I:
### Infringement Of The '111 Patent

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25.

27. Defendant directly infringes at least claim 1 of the '111 Patent by making, using, selling, offering for sale and/or importing the Infringing Products.

28. Defendant has indirectly infringed and continues to indirectly infringe the '111 Patent by actively inducing its customers, users, and/or licensees to directly infringe by using the Infringing Products.

29. Defendant has had knowledge of infringement of the '111 Patent at least as of the service of the present complaint.

30. Accordingly, at least as of service of the present complaint, Defendant has engaged or will have engaged in inducing its customers to directly infringe the '111 Patent at least by using the Infringing Products with knowledge that its customers' acts constitute direct infringement. For example, at least as of service of the present complaint, Defendant knows that its customers' use of the Infringing Products is facilitated by the system described in the '111 Patent.

31. Furthermore, through its website, Defendant sells, offers to sell and advertises the Infringing Products, in this District and elsewhere in the United States, specifically intending that its customers use the Infringing Products.

32. Moreover, Defendant's website provides information related to the features and benefits of the Infringing Products, thus encouraging its customers to use the Infringing

Products.

33. In addition, Defendant induces infringement through its technical support services by instructing its customers to use the Infringing Products.

34. As a direct and proximate result of Defendant's indirect infringement by inducement of the '111 Patent, Plaintiff has been and continues to be damaged.

35. Defendant has contributorily infringed and continues to contributorily infringe the '111 Patent by selling and/or offering to sell the Infringing Products, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer, can only be used in a way that infringes the '111 Patent.

36. At least as of service of the complaint, Defendant has sold or offered to sell or will have sold or offered to sell the Infringing Products with knowledge of the '111 Patent and knowledge that the Infringing Products constitute a material part of the invention claimed in the '111 Patent, such that their use by third-parties, such as a customer, constitute infringement of the '111 Patent.

37. As a direct and proximate result of Defendant's contributory infringement of the '111 Patent, Plaintiff has been and continues to be damaged. Defendant has committed these acts of infringement without license or authorization.

38. By engaging in the conduct described herein, Defendant has injured Canatelo and is thus liable for infringement of the '111 Patent, pursuant to 35 U.S.C. § 271.

39. As a result of Defendant's infringement of the '111 Patent, Canatelo has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

40. Canatelo will continue to suffer harm and damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Canatelo is entitled to compensation for any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## Count II:
## Infringement Of The '858 Patent

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-40.

42. Defendant directly infringes at least claim 26 of the '858 Patent by making, using, selling, offering for sale and/or importing the Infringing Products and Video Cameras.

43. Defendant has indirectly infringed and continues to indirectly infringe the '858 Patent by actively inducing its customers, users, and/or licensees to directly infringe by using the Infringing Products and Video Cameras.

44. Defendant has had knowledge of infringement of the '858 Patent at least as of the service of the present complaint.

45. Accordingly, at least as of service of the present complaint, Defendant has engaged or will have engaged in inducing its customers to directly infringe the '858 Patent at least by using the Infringing Products and Video Cameras with knowledge that its customers' acts constitute direct infringement. For example, at least as of service of the present complaint, Defendant knows that its customers' use of the Infringing Products and Video Cameras is facilitated by the system described in the '858 Patent.

46. Furthermore, through its website, Defendant sells, offers to sell and advertises the Infringing Products and Video Cameras, in this District and elsewhere in the United

States, specifically intending that its customers use the Infringing Products and Video Cameras.

47. Moreover, Defendant's website provides information related to the features and benefits of the Infringing Products and Video Cameras, thus encouraging its customers to use the Infringing Products and Video Cameras.

48. In addition, Defendant induces infringement through its technical support services by instructing its customers to use the Infringing Products and Video Cameras.

49. As a direct and proximate result of Defendant's indirect infringement by inducement of the '858 Patent, Plaintiff has been and continues to be damaged.

50. Defendant has contributorily infringed and continues to contributorily infringe the '858 Patent by selling and/or offering to sell the Infringing Products and Video Cameras, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer, can only be used in a way that infringes the '858 Patent.

51. At least as of service of the complaint, Defendant has sold or offered to sell or will have sold or offered to sell the Infringing Products and Video Cameras with knowledge of the '858 Patent and knowledge that the Infringing Products and Video Cameras constitute a material part of the invention claimed in the '858 Patent, such that their use by third-parties, such as a customer, constitute infringement of the '858 Patent.

52. As a direct and proximate result of Defendant's contributory infringement of the '858 Patent, Plaintiff has been and continues to be damaged. Defendant has committed these acts of infringement without license or authorization.

53. By engaging in the conduct described herein, Defendant has injured Canatelo and is thus liable for infringement of the '858 Patent, pursuant to 35 U.S.C. § 271.

54. As a result of Defendant's infringement of the '858 Patent, Canatelo has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

55. Canatelo will continue to suffer harm and damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Canatelo is entitled to compensation for any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

### Demand For Jury Trial

56. Canatelo demands a trial by jury of any and all causes of action.

### Prayer For Relief

1. Canatelo respectfully prays for the following relief:

2. That Defendant be adjudged to have infringed the Asserted Patent;

3. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the Asserted Patent;

4. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Canatelo for Defendant's past infringement and any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

5. An assessment of pre-judgment and post-judgment interests and costs against Defendant, together with an award of such interests and costs, in accordance with 35

U.S.C. § 284;

6. That Defendant be directed to pay enhanced damages, including Canatelo's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

7. That Canatelo be given such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

This 23rd day of October 2015.

By: */s/ Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola

*Attorneys for Plaintiff* **CANATELO, LLC**
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

Eugenio J. Torres-Oyola
USDC-PR No. 215505
Email: etorres@ferraiuoli.com

Cristina Arenas Solís
USDC-PR No.223511
Email:  carenas@ferraiuoli.com

Víctor Rodríguez-Reyes
USDC-PR No. 228510
Email: vrodriguezreyes@ferraiuoli.com